IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Nathan Reardon,                )
   Plaintiff,              )
                               )
v.                             )   Civil Action No.
                               )
_____                    )
                               )
William Phelan, Special Agent, )
U.S. Treasury Department (TIGTA), )
in his individual capacity,    )
                               )
John Does 1–10,                )
Federal Agents and/or Collaborators, )
                               )
   Defendants.             )

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

NOV 21 2025

ERIC M. STORMS, CLERK

BY_____
DEPUTY CLERK

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. § 1983 AND BIVENS ACTION
FOR VIOLATION OF CONSTITUTIONAL RIGHTS

Plaintiff Nathan Reardon, appearing pro se, brings this action for violation of his civil rights and states as follows:

----------------------------------------------------
PRELIMINARY STATEMENT
----------------------------------------------------

This is a civil action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 for deprivation of constitutional rights under color of federal authority. Plaintiff seeks compensatory and punitive damages against Treasury Special Agent William Phelan and other unknown federal actors for engaging in retaliatory, unconstitutional, and coercive behavior in violation of Plaintiff's rights under the First, Fifth, and Sixth Amendments.

----------------------------------------------------
JURISDICTION AND VENUE
----------------------------------------------------

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1391(b) as all events occurred in Maine.

---

## PARTIES
---

3. Plaintiff Nathan Reardon resides in Plymouth, Maine and receives mail at PO Box 52, Detroit, ME 04929.
4. Defendant William Phelan is a Special Agent with the Treasury Inspector General for Tax Administration (TIGTA), operating out of Boston, MA, and is sued in his individual capacity.
5. Defendants John Does 1–10 are unknown federal agents, officials, or collaborators involved in the conduct described.

---

## FACTUAL ALLEGATIONS
---

6. Plaintiff was indicted by federal authorities in 2021.
7. In 2021, prior to Plaintiff's conviction, Special Agent William Phelan approached Plaintiff's employee, Suman, who was working in Plaintiff's coding and technology operations.
8. Agent Phelan refused to meet in Suman's office because there were cameras and proposed they meet "by the mailbox," explicitly seeking to avoid surveillance.
9. During this attempted interview, Phelan pressured Suman to make a statement against Plaintiff.
10. When Suman refused, Agent Phelan responded, "Haven't you seen all the negative press against him?"
11. The referenced "negative press" consisted of slanted and false articles published by the Bangor Daily News — coverage which portrayed Plaintiff in a criminal and defamatory light.
12. The use of that press coverage to influence a defense-aligned witness shows knowledge, intent, and coordination — or possibly initiation — of media manipulation by federal actors.
13. This conduct prejudiced Plaintiff's right to a fair trial by poisoning the local jury pool and interfering with witness access and credibility.
14. Agent Phelan's actions were undertaken under color of federal law and designed to deny Plaintiff his Fifth and Sixth Amendment rights.
15. The coordinated press manipulation and unlawful off-

record coercion attempt constitutes unlawful witness tampering and a civil conspiracy to deprive Plaintiff of constitutional rights.

16. Approximately one year after Plaintiff's conviction, Special Agent Phelan contacted the individual who had sold Plaintiff a tow truck and stated he was "still building a case" against Plaintiff. This statement, made post-conviction, raises serious due process concerns and demonstrates improper continuation of investigatory conduct.

---
CLAIMS FOR RELIEF
---

## COUNT I – BIVENS CLAIM: VIOLATION OF FIFTH AND SIXTH AMENDMENT RIGHTS

17. Plaintiff realleges paragraphs 1–16.
18. Defendant William Phelan, acting under color of federal authority, violated Plaintiff's rights by attempting to influence a witness using defamatory press and refusing to conduct interviews in a recorded, accountable manner.
19. This conduct denied Plaintiff due process, a fair trial, and access to an uncoerced defense.

## COUNT II – FIRST AMENDMENT RETALIATION AND CHILLING OF ASSOCIATION

20. Defendant attempted to sever Plaintiff's professional association with his employee Suman by coercion, intimidation, and use of public smear tactics.

## COUNT III – CIVIL CONSPIRACY TO INTERFERE WITH RIGHTS

21. Defendants conspired to manipulate the media, coerce witnesses, and create a public narrative of guilt prior to trial.

---
PRAYER FOR RELIEF
---

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be proven at trial;
B. Award punitive damages against Defendant Phelan;
C. Award attorney's fees and costs under 42 U.S.C. § 1988 (if counsel is later appointed);
D. Grant all other relief this Court deems just and proper.

Respectfully submitted,
/s/ Nathan Reardon
PO Box 52
Detroit, ME 04929
207-745-7575
Pro Se Plaintiff
Dated: July 20, 2025