UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NATHAN REARDON,                )
                               )
            Plaintiff,         )
      v.                       )        No. 2:25-mc-00502-JAW
                               )
WILLIAM PHELAN,                )
                               )
            Defendant.         )

## ORDER DENYING MOTION TO FILE CIVIL COMPLAINT UNDER 42 U.S.C. § 1983 and *BIVENS* ACTION

Nathan Reardon is a pro se litigant subject to a *Cok* order, *Reardon v. Domonski*, No. 1:25-CV-00268-JAW, 2025 U.S. Dist. LEXIS 123400 (D. Me. June 30, 2025), *reconsideration denied*, No. 1:25-CV-00268-JAW, 2025 U.S. Dist. LEXIS 128985 (D. Me. July 8, 2025) (Cok *Order*), requiring him to seek the Court's permission prior to filing any new civil case and prohibiting him from asserting collateral attacks on his underlying criminal conviction. *See* Cok *Order* at *24 ("only if the Court determines that the complaint does not constitute a collateral attack on his criminal conviction and his assertion of federal jurisdiction on the basis of diversity is not facially frivolous will Mr. Reardon be allowed to have the complaint docketed"). Mr. Reardon is subject to the *Cok* order because he has repeatedly tried to re-litigate issues already resolved in his criminal case. *Id.* at *17. On November 21, 2025, Mr. Reardon submitted to this Court (1) a request for leave to file, *Mot. for Leave to File Civil Compl. Under 42 U.S.C. § 1983 and Bivens Action* (ECF No. 1), and (2) another civil complaint, *id.* Attach 2, *Compl. for Damages Under 42 U.S.C. § 1983 and* Bivens *Action for Violation of Constitutional Rights* (*Compl.*).

Through the November 21, 2025 filings, Mr. Reardon seeks permission to file a new civil *Bivens* action against William Phelan, a Special Agent at the Treasury Inspector General for Tax Administration, alleging that during the investigation of Mr. Reardon, leading to his convictions, Agent Phelan improperly interviewed a man named Suman who worked for Mr. Reardon.  *Compl.* ¶¶ 6-15, 17-21.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), addressing a civil action under 42 U.S.C. § 1983, the United States Supreme Court wrote that a district court confronted with a state prisoner § 1983 complaint for damages "must consider whether a judgment in favor to the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487.  This principle applies with equal force to *Bivens* actions that impugn the validity of a conviction. *Swan v. Barbardoro*, 520 F.3d 24, 26 (1st Cir. 2008) ("[A] judgment in Swan's favor would impugn the validity of his conviction, which is clearly impermissible under *Heck.  Heck*'s bar cannot be circumvented by substituting a supposed RICO action for the earlier *Bivens* claims ineffectually designed for the same purpose") (citation omitted).

This portion of the complaint alleging an improper criminal investigation prior to his convictions is a collateral attack because it proposes attacking the judgment against Mr. Reardon in what would be a new case, rather than on a direct appeal. Accordingly, to the extent Mr. Reardon bases his proposed *Bivens* action against

Agent Phelan on events during the investigation leading to conviction, the proposed action violates the *Cok* order as a forbidden collateral attack.

Next, Mr. Reardon alleges that one year after Mr. Reardon's convictions, Agent Phelan contacted a person (unnamed) who had sold a tow truck to Mr. Reardon and told this person that he, Agent Phelan, was still investigating Mr. Reardon. *Id.* ¶ 16. The proposed claim cannot meet the standards for a *Bivens* action. "A *Bivens* claim is an implied cause of action for civil damages against federal officials . . . equivalent to the statutory cause of action against state officials" for constitutional violations. *Pagán-González v. Moreno*, 919 F.3d 582, 586 n.1 (1st Cir. 2019).

In *Bivens*, the United States Supreme Court held that a petitioner could bring a damages claim under the Fourth Amendment because such a remedy could be judicially implied under the Constitution. 403 U.S. at 396-97. Later in *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court extended *Bivens* to Fifth Amendment due process claims for sex-based discrimination, and *Carlson v. Green*, 446 U.S. 14 (1980), further extended *Bivens* to Eighth Amendment deliberate indifference claims for failure to provide medical care.

Mr. Reardon does not have a valid *Bivens* action. First, Mr. Reardon does not allege a plausible constitutional violation. Simply because someone has been convicted of a crime does not make him immune from further investigation of other crimes. Mr. Reardon has not plausibly claimed that a government official's post-conviction investigation amounts to a constitutional violation. Further, none of the recognized *Bivens* actions is analogous to what Mr. Reardon has presented to the

Court: an alleged due process violation based on Agent Phelan's continued investigation into Mr. Reardon after his convictions. *Compl.* ¶ 16.

Even if Agent Phelan's continued investigation presented a constitutional violation, (which it does not), the Supreme Court is not likely to recognize a new application of the *Bivens* doctrine. After *Carlson*, the Supreme Court began to narrow the circumstances in which it would find implied constitutional remedies, consistently refusing "to extend the *Bivens* doctrine to new settings." *Quinones-Pimentel v. Cannon*, 85 F.4th 63, 69 (1st Cir. 2023) (quoting *González v. Vélez*, 864 F.3d 45, 50 (1st Cir. 2017)). The *Quinones-Pimentel* court performed a thorough analysis as to whether *Bivens* should be extended to the allegations in that case and concluded it should not because the case involved a new context and special factors counseled against extending *Bivens*. *Id.* at 69-75. *See also Hernandez v. Mesa*, 589 U.S. 93, 103, 108 (2020) (refusing to extend *Bivens* to a cross-border shooting given national security and separation of powers implications and clarifying "a new context" arises even where a claim "is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized").

In short, Agent Phelan's ongoing, post-conviction investigation into Mr. Reardon does not present a *Bivens* claim. Mr. Reardon's proposed civil complaint assumes that because he has been convicted of some crimes, he could not have committed others, or, put differently, that Agent Phelan has committed a civil wrong against him by continuing to investigate him. The law, however, recognizes no such bar. Therefore, to the extent Mr. Reardon bases his proposed *Bivens* action on a post-

conviction comment by Agent Phelan that Agent Phelan is still building a case against Mr. Reardon, there is no *Bivens* action.

The Court DENIES Nathan Reardon's Motion for Leave to File Civil Complaint Under 42 U.S.C. § 1983 and *Bivens* Action. The Court ORDERS the attempted filings be docketed only to create a record of the attempted filing and otherwise returned to Mr. Reardon.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2025

5